**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

**CIVIL NO. 3:19CV255**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>APPROXIMATELY $62,148 IN U.S. )<br>CURRENCY SEIZED ON FEBRUARY 7, )<br>2019 FROM THE ATTIC OF A RESIDENCE )<br>AT 2001 SLOAN DRIVE, CHARLOTTE, )<br>NORTH CAROLINA, DURING THE )<br>APPREHENSION OF DEMARIS KENTA )<br>SIMPSON. )<br>)<br>Defendant. ) | **COMPLAINT FOR<br>FORFEITURE *IN REM*** |

NOW COMES the United States of America, Plaintiff herein, by and through R. Andrew Murray, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

**INTRODUCTION**

1. This is a civil action *in rem* against approximately $62,148 in United States Currency (also identified herein as "the Currency") seized from the attic of a residence at 2001 Sloan Drive, Charlotte, North Carolina, during the apprehension by the Charlotte-Mecklenburg Police Department ("CMPD") of Demaris Kenta Simpson ("Simpson").

2. This civil action is brought against the Currency because the Currency constitutes money furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846, proceeds traceable to such an

1

exchange, and/or money used or intended to be used to facilitate a violation of 21 U.S.C. §§ 841 and/or 846, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

3. Procedures for this action are mandated by 21 U.S.C. § 881, 18 U.S.C. §§ 981, 983, and 984, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

4. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

5. This Court has venue in this matter pursuant to 28 U.S.C. § 1395.

6. The Currency was seized within and is now within the Western District of North Carolina.

7. Based on the following facts, verified by United States Department of Justice, Drug Enforcement Administration, Task Force Officer Rolando Ortiz-Trinidad, this action seeks the forfeiture of all right, title, and interest in the Currency.

## INCIDENT INVOLVING SIMPSON, CRACK COCAINE, AND ASSAULT WITH A DEADLY WEAPON

8. On December 24, 2018, CMPD Officers responded to a 911 call in regard to an incident at 726 Thera Place, a residence in Charlotte, North Carolina. Present at the scene were (1) a purported victim male (hereafter, "Male Victim"), who appeared to be under the influence of a controlled substance, reported smoking crack cocaine, and was bleeding from his head due to a purported assault; (2) the female resident (hereafter, "Female Resident"); and (3) the Female Resident's minor step-son. Female Resident reported that she operated a home health care business, that Male Victim was a client visiting her house for the holidays, that a dispute had

2

ensued between her and Male Victim, and that, during the dispute, Female Caller had noticed that Male Victim's head was bleeding.

9. From December 2018 through January 2019, CMPD investigated the incident in order to reconcile apparently incomplete and inconsistent explanations from Male Victim and Female Resident. Ultimately, after Male Victim had received treatment from his wounds and left the hospital, Male Victim reported that he frequently purchased narcotics from Female Caller and her partner, Demaris Kenta Simpson ("Simpson"), at the residence and, on the day of the assault, had engaged in an altercation with Simpson. After the report from Male Victim, CMPD conducted further investigation and determined that Simpson sometimes lived with Female Caller and often drove her black Infinity M45.

10. Based on the December 24, 2018 incident, CMPD ultimately obtained, among other warrants, a warrant for Simpson for Assault with a Deadly Weapon Inflicting Serious Injury.

**VEHICLE CHASE, BRIEF STAND-OFF, AND
APPREHENSION OF SIMPSON AT RESIDENCE OF CARPENTER**

11. In the afternoon on February 7, 2019, CMPD officers encountered a black Infinity M45 vehicle. The officers were on the lookout for the vehicle because of the warrant for Simpson. The officers attempted to conduct a traffic stop of the vehicle but the vehicle failed to stop and then fled.

12. A vehicle chase ensued involving the black Infinity M45 and multiple CMPD officers. The black Infinity M45 ultimately led officers through, and stopped in, a residential neighborhood.

13. Based on aerial surveillance by a CMPD helicopter, CMPD officers determined that the driver of the vehicle, later identified as Simpson, had, while carrying a gray or black Jordan backpack, exited the vehicle and fled on foot to the residence at 2001 Sloan Drive, Charlotte, North Carolina ("the Sloan Drive Residence" or "the Residence").

14. After a brief stand-off during which CMPD officers surrounded the Sloan Drive Residence, Simpson, along with numerous occupants of the Residence, exited the Residence. Officers arrested Simpson.

15. Briefly thereafter, on a lawn outside of the Residence, officers spoke with Synquis Carpenter ("Carpenter"). Carpenter advised that the Residence was her house, that she lived in the Residence with her mother and children, and that Simpson was the father of one of her children.

16. When CMPD officers asked Carpenter if there was anything in the Residence, she advised, "you can look" and "you can search."

## SEARCH OF RESIDENCE AND SEIZURE OF CURRENCY

17. Thereafter, CMPD officers searched the Residence. Upon observing attic insulation hanging from closed attic stairs in what appeared to be a child's room, officers opened the stairs and located the Currency, both within a gray/black Jordan backpack and loose in the attic. Some of the currency was divided into various small envelopes on which monetary amounts were written. A bank later determined that the Currency consisted of $62,148, including the following:

- Approximately 1623 $1 notes;
- Approximately 853 $5 notes;
- Approximately 690 $10 notes;

4

- Approximately 2033 $20 notes;

- Approximately 48 $50 notes; and

- Approximately 63 $100 notes.

18. When CMPD officers exited the Residence, entered the lawn where Carpenter was standing, and showed the backpack and Currency to Carpenter, she exclaimed, "well, God damn, can I have some?" She also exclaimed, "I've never known him [Simpson] to have weapons or anything. Now, I don't know about that damn money[,]" and "[c]an I get a reward for them finding it in my house?" Nonetheless, when the United States Department of Justice, Drug Enforcement Administration ("DEA") later initiated an administrative forfeiture action against the Currency, Carpenter filed a claim asserting an interest in the Currency and requesting the filing of this judicial action.

### DURING A BLIND LINE-UP, A K9 ALERTS TO THE BACKPACK

19. Later on the same day as the arrest of Simpson and seizure of the Currency, CMPD conducted a line-up of the gray/black Jordan backpack filled with all of the Currency. CMPD placed two other backpacks in the same room as the gray/black Jordan backpack. The CMPD K9 handler whose K9 was assigned to conduct a sniff of the backpacks was not informed as to which backpack had been seized during the arrest. During the blind line-up, the K9 altered to the presence of the odor of narcotics on the backpack seized from the Residence.

### SIMPSON REPORTS THAT THE CURRENCY IS DERIVED FROM A HOME HEALTH CARE BUSINESS, BUT CMPD CANNOT CORROBORATE THIS CLAIM

20. In an interview subsequent to his arrest, Simpson reported to law enforcement that, earlier in the day of his arrest, he had engaged in a meeting wherein he argued with his home health care business partners, including but not limited to the individual identified herein

5

and above as Female Caller. Simpson reported that, upon exiting the meeting and argument, he had retrieved the Currency from the table where the meeting was held.

21. Law enforcement has not identified information to corroborate that Simpson obtained the Currency from a home health care business. Instead, investigation to-date suggests that Simpson and the individual identified herein as Female Caller are engaged in drug trafficking.

22. Further, the denominations of Currency are consistent with drug trafficking, a cash intensive business often involving smaller $20 or less denominations, and not home health care.

## LAW ENFORCEMENT HAS IDENTIFIED A HISTORY OF CRIMINAL CHARGES AGAINST AND CONVICTIONS OF SIMPSON, INCLUDING DRUG OFFENSES

23. Database and Mecklenburg County Court records reflect that, dating back to as early as 1998, law enforcement has charged Simpson with numerous misdemeanor and felony controlled substances offenses.

24. Further, to-date, law enforcement has identified Mecklenburg County conviction records for the following:

- a Judgment Suspending Sentence (Case 01CRS116676) for felony "PWISD COCAINE," such Judgment related to a September 6, 2000 offense;

- a Judgment and Commitment Upon Revocation of Probation (Case 05CRS261366) for felony "PWISD COCAINE," such Judgment related to a December 30, 2005 offense; and

- a Judgment and Commitment Active Punishment-Felony (Case 14CRS214252) for "FELONY POSSESSION OF COCAINE" related to an April 14, 2014 offense date, "HABITUAL FELON," and "FELONY POSSESSION OF COCAINE" related to a June 5, 2014 offense date.

# CONCLUSION

25. By virtue of the foregoing, all right, title, and interest in the Currency vested in the United States at the time of the commission of the unlawful act giving rise to forfeiture, 21 U.S.C. § 881(h), and has become and is forfeitable to the United States of America.

WHEREFORE, the United States of America respectfully prays the Court that:

(1) a warrant for the arrest of the Defendant be issued;

(2) due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

(3) judgment be entered declaring the defendant to be condemned and forfeited to the United States of America for disposition according to law; and

(4) the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of defendant property as required by 28 U.S.C. § 1921.

Respectfully submitted this 3rd day of June, 2019.

R. ANDREW MURRAY
UNITED STATES ATTORNEY

**s/ Benjamin Bain-Creed**
Florida Bar # 0021436
Assistant United States Attorney
Suite 1650, Carillon Building
227 West Trade Street
Charlotte, North Carolina 28202
Telephone: (704) 344-6222
Email: benjamin.bain-creed@usdoj.gov

STATE OF North Carolina
COUNTY OF Mecklenburg

## VERIFICATION

Rolando Ortiz-Trinidad deposes and says under penalty of perjury:

I am a Task Force Officer with the Drug Enforcement Administration and one of the agents assigned to this case.

I have read the foregoing Complaint and the factual information contained therein is true according to the best of my knowledge, information, and belief.

_____
TFO Rolando Ortiz-Trinidad

STATE OF North Carolina
COUNTY OF Mecklenburg

I certify that Rolando Ortiz-Trinidad personally appeared before me this day, acknowledging to me that he signed the foregoing document.

This the 31 day of May, 2019.

_____
Notary Public
My Commission Expires: 11/29/2023

Lauren Amanda Fowler Hefferon
NOTARY PUBLIC
Cabarrus County, North Carolina